IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTIN BAUSCH,

                      Plaintiff,

  v.                                                OPINION and ORDER

JACOB FROST, JASON HANSON, EMILY WILSON,
JANE JACOBS, LISA BINA, NANCY HAACK,              23-cv-61-jdp
JENNIFER COOKE, and CRISCILDA CHAIREZ,

                      Defendants.

---

    Pro se plaintiff Kristin Bausch brought this lawsuit against a judge, a guardian ad litem, and six Dane County employees, contending that defendants violated her rights when they denied her a chance to challenge a garnishment order in a state court family law case.

    Defendants have filed motions to dismiss. I will grant the motions and the case will be dismissed because defendants are entitled to immunity for their work in a state court family law matter.

BACKGROUND

    Defendants filed motions to dismiss after Bausch submitted her complaint. Bausch then filed an amended complaint that is essentially identical to her original complaint. Bausch alleges the following facts in her amended complaint, which I accept as true for purposes of evaluating defendants' motions to dismiss.

    Bausch is the petitioner in a divorce case in Dane County Circuit Court. *In re the marriage of Kristin Anne Bausch and Christopher John Bausch*, No. 2021FA822. Defendant Jacob Frost presided over the case. After issuing a temporary order regarding custody and child support,

the court held a contempt hearing and sent a garnishment form to Bausch's employer in October 2022. Bausch alleges that all defendants failed to respond to the documents she submitted in that hearing. She contends that, as a result, she was not able to challenge the garnishment. Bausch alleges that the defendants infringed her constitutional rights to due process and have violated several federal criminal statutes, and she states that she has suffered "significant distress, anxiety, and financial injury including wage garnishment and loss of income." Dkt. 19, at 2.

There are three sets of defendants in this case: (1) Judge Frost, who presided over the state case; (2) Emily Wilson, a guardian ad litem appointed by the state court to represent the best interests of the child; and (3) county employees Jason Hanson, Nancy Haack, Lisa Bina, Jennifer Cooke, Criscilda Chairez and Jane Jacobs. Hanson is a court commissioner. The other defendants work for the Dane County child support agency. Cooke and Jacobs are child support attorneys. Chairez is a child support investigator. Haack is a child support director. Bina is a child support operations director.

ANALYSIS

A. Defendant Frost

Defendant Frost moves to dismiss the claims against him because the claims are barred by judicial immunity and the Eleventh Amendment. I will grant his motion.

Bausch alleges that Frost violated her due process rights by not allowing her to challenge the garnishment. If Bausch is suing Frost in his official capacity, her claims are barred by the Eleventh Amendment. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000) (federal suits for damages against state officials in their official capacities are barred by Eleventh

Amendment sovereign immunity). If Bausch is suing Frost in his individual capacity, her claims are barred by the doctrine of judicial immunity because Bausch is complaining about Frost's judicial conduct. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (judges have absolute immunity for damages claims based on judicial conduct).

Moreover, Bausch cannot bring claims about rulings in her state court family law case because this federal court cannot interfere with those rulings. According to Wisconsin electronic court records, the state law case is ongoing and there is a pending appellate hearing. Given Bausch's family law case is still in progress, I must abstain from deciding her claims as argued by Frost. *J.B. v. Woodard*, 977 F.3d 714, 722 (7th Cir. 2021) (citing to *Younger v. Harris*, 401 U.S. 37 (1971); holding federal courts cannot adjudicate claims that take aim at a contested and ongoing family court custody dispute). If, on the other hand, Bausch argues that the garnishment ruling is final, her claims would be barred by the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing civil judgments entered by state courts. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Finally, under the domestic-relations exception to diversity jurisdiction, federal courts generally may not interfere with matters of divorce, custody, or child support. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

**B. Defendant Wilson**

Defendant Wilson moves to dismiss the claims against her on various grounds. I will grant her motions for largely the same reasons that I am granting Frost's. In particular, a guardian ad litem is entitled to absolute immunity as long as the acts in issue "occurred within the course of their court appointed duties." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir.

2009). All of Bausch's allegations relate to Wilson's work as a court-appointed guardian ad litem.

## C. Dane County defendants

The county defendants are also entitled to dismissal under *Younger*, *Rooker-Feldman*, and the domestic-relations exception. Defendant Hanson is a court commissioner and thus he is also entitled to judicial immunity. *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989) (Court commissioners performing "functions integral to the judicial process" are also immune from liability). It's not entirely clear what specific actions Bausch believes these defendants took to harm her. But the only reasonable inference from Bausch's allegations is that they all acted within the scope of their duties with the child support agency during the family law case, which entitles them to absolute immunity. *Millspaugh v. Cnty. Dep't of Pub. Welfare of Wabash Cnty.*, 937 F.2d 1172, 1176 (7th Cir. 1991) ("social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court").

## D. Other counts

Bausch also attempts to assert four counts under federal criminal statutes. Private parties have no authority to pursue claims under federal criminal statutes. *Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003).

Bausch's motions for injunctive relief. Dkts. 4 and 28, will be denied as moot, because I am dismissing all of the claims against each defendant.

4

ORDER

IT IS ORDERED that:

1. Defendant Jacob Frost's motion to dismiss, Dkt. 15, is GRANTED.

2. Defendant Emily Wilson's motion to dismiss, Dkt. 11, is GRANTED.

3. The county defendants' motion to dismiss, Dkt. 7, is GRANTED.

4. Plaintiff's motions for injunctive relief. Dkts. 4 and 28, are DENIED.

5. This case is DISMISSED.

6. The clerk of court is directed to enter judgment accordingly and close this case.

Entered June 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge